IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SADAKA T. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) CIV. ACT. NO. 2:14cv986-WKW-TFM | |
| CITY OF CLANTON POLICE ) | |
| DEPARTMENT, *et al*., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Plaintiff Sadaka T. Davis ("Davis") claims that the Clanton Police Department, Officer Daniel Eric Smitherman, and Katrina Caver, a city court clerk ("the Clerk"), violated his constitutional rights by refusing to arrest or prosecute an individual. Specifically, Davis asserts that Officer Smitherman and the Clerk refused to allow him to press charges against William Roebuck ("the repo man" or "Mr. Roebuck") who trespassed onto his property, shoved him, and hit him with his vehicle. Davis alleges that Officer Smitherman failed to arrest the repo man on the scene and that he charged him with nothing more than third-degree assault. Davis also asserts that Officer Davis unlawfully arrested and charged him with harassment. Upon review of the Complaint, the court concludes that, with the exception of Davis' unlawful arrest claim against Officer Smitherman, all of the plaintiff's claims are due to be dismissed pursuant to 28 U.S.C. 1915(e)(2)(B).

## II. DISCUSSION

A.     **The City of Clanton Police Department**

The Clanton Police Department is not a legal entity subject to suit or liability under § 1983.  *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  The court therefore concludes that the plaintiff's claims against the City of Clanton Police Department are due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

B.  **Criminal Prosecution**

To the extent that Davis asserts that Officer Smitherman and the Clerk failed to charge, arrest, or prosecute Mr. Roebuck, his claim fails to rise to the level of a constitutional violation.[1]  An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *Conlogue v. Shinbaum*, 949 F.2d 378, 380-81 & n.5 (11th Cir. 1991).  A "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."  *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).  *See also Leeke v. Timmerman*, 454 U.S. 83 (1981).  Thus, the actions about which the plaintiff complains did not deprive him of any constitutionally protected interest and therefore cannot form the basis for an action brought pursuant to 42 U.S.C. § 1983.  Consequently, the plaintiff's claim that the defendants violated his constitutional

---

[1] To the extent Davis sues the Clerk in her official capacity for refusing to accept his charges against Mr. Roebuck, the claims are also due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).   The law is well-settled that judicial officers are absolutely immune from civil liability for acts undertaken pursuant to their judicial authority.  See *Forrester v. White*, 484 U.S. 219, 227-229 (1988); *Stump v. Sparkman*, 435 U.S. 349 (1978).

rights by failing to arrest or prosecute Mr. Roebuck should be dismissed for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. The Deprivation of Property

To the extent Davis asserts that Officer Smitherman intentionally deprived him of his car in violation of the Due Process Clause, the claim is due to be dismissed. The facts indicate that Officer Smitherman was merely present shortly after Mr. Roebuck repossessed the vehicle. The language of § 1983 plainly requires proof of an affirmative causal connection between the actions taken by the defendant and the constitutional deprivation. *Swint v. City of Wadley, Ala.*, 51 F.3d 988 (11th Cir. 1995). Thus, Davis' contention that Officer Smitherman deprived him of property without due process is without merit. *Cf. Abbott v. Latshaw*, 164 F.3d 141, 147 (3rd Cir. 1998) ("The mere presence of police at the scene of a private repossession does not, alone, constitute state action causing a deprivation of a protected property interest.") Consequently, the deprivation of property claim against Officer Smitherman should be dismissed for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the City of Clanton Police Department be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The plaintiff's claim regarding the defendants' refusal to charge, arrest, or prosecute an individual be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The plaintiff's deprivation of property claim against Officer Smitherman be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

4. The City of Clanton Police Department and Katrina Caver be DISMISSED as defendants prior to service of process.

5. The plaintiff's unlawful arrest claim against Officer Smitherman shall proceed at this stage of the proceedings.

Finally, it is

ORDERED that the plaintiff shall file any objections to the said Recommendation on or before November 6, 2014. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 22nd day of October, 2014.

       /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE