IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SADAKA T. DAVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) CIV. ACT. NO. 2:14cv986-WKW-TFM |
| DANIEL ERIC SMITHERMAN, | ) ) |
| Defendant. | ) ) ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Now pending before the court is a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) filed by Officer Eric Smitherman. Doc. 12. During a status and scheduling conference conducted on January 13, 2015, counsel for Officer Smitherman requested that the court require Plaintiff Sadaka T. Davis to provide a more definite statement and argued that the Complaint does not specify the date or location where Plaintiff was arrested. In the Complaint and Amendments thereto, Plaintiff alleges that Officer Smitherman unlawfully arrested him without a warrant based on harassment charges filed against him by William Roebuck and without reading his *Miranda* rights on September 18, 2014 in front of 405 Second Street South in Clanton, Alabama, in violation of his constitutional rights. Upon consideration of the Motion and Plaintiff's Response, the court concludes that the Motion to Dismiss is due to DENIED at this time.

A Rule 12(b)(6) Motion tests the legal sufficiency of the complaint. Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal

1

conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  In evaluating the sufficiency of a plaintiff's pleadings, the court must indulge reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005).  Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; *see also Iqbal*, 556 U.S. at 680, 129 S. Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true."

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations and emphasis omitted).

In *Iqbal*, the Supreme Court reiterated that although FED. R. CIV. P. 8 does not require detailed factual allegations; it does demand "more than an unadorned,

2

the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

The defendant argues that the case against him is due to be dismissed because he took no part in the arrest of the plaintiff. Davis, however, specifically alleges that Officer Smitherman is the individual who arrested him for harassment on September 18, 2014 at 405 Second Street South, Clanton, Alabama, and that the charges were subsequently dismissed. The court therefore concludes that, at this stage of the proceedings, the facts as pled state a claim for relief against Officer Smitherman that is plausible on its face. *See Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge as follows:

(1)     The Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) filed by Officer Smitherman be DENIED. Doc. 12.

Finally, it is

ORDERED that the defendant shall file any objections to the said Recommendation on or before March 6, 2015. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party

objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 19th day of February, 2015.

                                                           /s/Terry F. Moorer
                                         TERRY F. MOORER
                                         UNITED STATES MAGISTRATE JUDGE