IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SADAKA T. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CASE NO. 2:14-CV-986-WKW |
| | )  [WO] |
| DANIEL ERIC SMITHERMAN, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

On February 5, 2015, the Magistrate Judge issued a Recommendation that Defendant Daniel Eric Smitherman's motion to dismiss (Doc. # 12) be granted and Plaintiff Sadaka Davis's claim alleging unlawful arrest be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. # 28.) In response to the Magistrate Judge's Recommendation, Mr. Davis filed a motion to amend his complaint (Doc. # 29), as well as an objection to the recommendation of dismissal. (Doc. # 30.) Upon a review of these filings, the Magistrate Judge determined that Mr. Davis had provided additional clarifying facts sufficient to warrant a withdrawal of his previous recommendation of dismissal. (Doc. # 32.)

The Magistrate Judge then issued a new Recommendation, in which he took into account the newly provided allegations. (Doc. # 33.) Specifically, the Magistrate Judge explained that Mr. Davis's "[c]omplaint and [a]mendments thereto" explicitly alleges that Officer Smitherman was the police officer who

arrested him for harassment on September 18, 2014, at 405 Second Street South, Clanton Alabama, and that the charges were subsequently dismissed. (Doc. # 33, at 1, 3.) While the Magistrate Judge recognized that Officer Smitherman denied being the police officer who arrested Mr. Davis, he concluded that, at the present stage of the proceedings, the facts as pleaded by Mr. Davis, stated a plausible claim for relief sufficient to withstand Officer Smitherman's motion to dismiss.

Officer Smitherman filed an objection to the new Recommendation on March 6, 2015. (Doc. # 35.) As grounds for his objection, Officer Smitherman notes that Mr. Davis has filed six *pro se* complaints against municipal officers operating within Chilton County, Alabama. He also argues that Mr. Davis's complaint and amendments are untimely and rely on mere conclusory allegations and inaccuracies. Specifically, he objects to the court's finding that Mr. Davis was arrested without a warrant and offers the September 18, 2014 warrant issued by the Clanton Municipal Court Clerk for Mr. Davis as an Exhibit. (Doc. # 35, Ex. 1.) Finally, he asserts that Mr. Davis's claim should be dismissed because Officer Smitherman is entitled to qualified immunity.

It is true that Mr. Davis did not submit additional information regarding his claim until February 17, 2015, more than fourteen days after he was to supply Officer Smitherman with a more definite statement. The Magistrate Judge, however, appropriately determined that it was proper to take the newly provided

facts into account despite the two-week delay because of Mr. Davis's *pro se* status and recent change in address. Additionally, the Magistrate Judge properly noted that Mr. Davis's complaint included allegations that he was arrested without a warrant. (Doc. # 1-1, at 2.)  While Officer Smitherman now offers evidence to counter such allegations, the court is unable to consider Officer Smitherman's evidentiary materials at this stage of the proceedings without converting his motion to dismiss into a motion for summary judgment.

Lastly, Officer Smitherman contends that he is entitled to the defense of qualified immunity and that the Recommendation errs by not dismissing the claims against him based upon this defense. While Officer Smitherman raised qualified immunity in his motion to dismiss, he did so only cursorily and with no elaboration or analysis. On Officer Smitherman's bare argument, the Magistrate Judge did not err in failing to consider the defense. *See generally In re Cao*, 619 F.3d 410, 435 (5th Cir. 2010) ("[A]s a court comprised of Article III judges, our role is not to create arguments for adjudication – but rather, our role is to adjudicate those arguments with which we are presented."). Officer Smitherman is not precluded, however, from raising the defense of qualified immunity at the summary judgment stage in a properly supported and analyzed motion.

In conclusion, following an independent and *de novo* review of those portions of the Recommendation to which objection is made, *see* 28 U.S.C.

§ 636(b), Mr. Davis has stated a plausible claim for relief sufficient to withstand Officer Smitherman's motion to dismiss.  Accordingly, it is ORDERED as follows:

1. Officer Smitherman's objection (Doc. # 35) is OVERRULED.

2. The Recommendation (Doc. # 33) is ADOPTED.

3. Officer Smitherman's motion to dismiss (Doc. # 12) is DENIED.

4. This case is REFERRED back to the Magistrate Judge for further proceedings on Mr. Davis's claim.

DONE this 26th day of March, 2015.

                                         /s/ W. Keith Watkins
                                     CHIEF UNITED STATES DISTRICT JUDGE