IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SADAKA T. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV. ACT. NO. 2:14cv986-WKW-TFM |
| ) | |
| DANIEL ERIC SMITHERMAN, ) | (WO) |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

Now pending before the court is a Motion for Sanctions (doc. 58) and a Motion for Judgment on the Pleadings (doc. 61).  Defendant Daniel Eric Smitherman ("Smitherman") argues that sanctions are warranted in light of the failure of Plaintiff Sadaka T. Davis ("Davis" or "Plaintiff") to attend a scheduled deposition.  In addition, Smitherman asserts that the claims against him are barred by the doctrine of res judicata because the claims are the same or similar to those raised against him in a case which was previously dismissed by the Circuit Court of Chilton County, Alabama.  On September 21, 2015, this court heard Oral Argument on the Motions.  Upon consideration of the arguments of the parties, the Motions filed by Smitherman, and the Responses filed by Davis, this court concludes that the Motion for Sanctions and Motion for Judgment on the Pleadings should be GRANTED in favor of Smitherman.

1

## II.  DISCUSSION

### A.  Sanctions

On January 13, 2015, this court conducted a status and scheduling conference, in which Davis was advised of his rights and expectations as a pro se litigant, including participation in his own deposition during the discovery process. Doc. 64.   Defense counsel attempted to depose Plaintiff on several occasions.  On June 19, 2015, Smitherman filed a Deposition Notice and attempted to call Davis to arrange for his deposition.  Doc. 38.  On June 30, 2015, Smitherman mailed a letter with a copy of the Deposition Notice to Davis.  Plaintiff, however, did not contact Smitherman's counsel regarding the scheduling of the deposition.  On July 10, 2015, Smitherman filed a Motion to Compel the deposition of Davis indicating that counsel called the only telephone number provided by Davis and left voicemail messages regarding the scheduling of a deposition.   On or around July 14, 2015, Davis contacted Plaintiff's counsel, provided him his correct telephone number, and discussed arranging his deposition within the week.  Later, however, Davis indicated that he would not participate in his own deposition until Smitherman provided responses to his discovery requests.  Smitherman subsequently filed a Motion to Continue, in which he requested this court to continue oral argument on the Motion to Compel to afford the parties time to complete the additional requests.  The court granted the Motion to Continue and rescheduled oral argument for August 27, 2015.  Doc. 45.

On August 19, 2015, Smitherman filed a Second Notice of Deposition for 10:00 a.m. on August 24, 2015 at 601 1st Avenue, Clanton, Alabama 35045.   Doc. 48.   On

2

August 21, 2015, Smitherman filed a Motion to Continue the Oral Argument set for August 27, 2015, indicating that Davis informed him that he would not be able to sit for a deposition until "Thursday or Friday of next week." Doc. 49.  On August 24, 2015, Smitherman filed a "Request to Enter Statement Concerning Deposition" in which he represented to the court as follows:

> Due to busy (private) schedule I Sadaka Davis replied to every attemp[t] (so called) made by Defendant (Daniel Eric Smitherman/ Attorney/Lawyer) concerning deposition and accepting deposition on available Thursday (August 27, 2015).
>
> **I will attend the meeting arrangement made by the Middle District of Alabama (Northern Division) has set for deposition August 27, 2015**.

Doc. 54, p. 3.  Despite assurances that he would attend the deposition, Davis did not appear for the properly noticed deposition in Clanton, Alabama on August 27, 2015.

Rule 37 clearly provides that the court may order sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed.R.Civ.P. 37(d)(1)(A)(i).  "Despite [Davis'] pro se status, [Davis] is still subject to the Federal Rules of Civil Procedure and thus subject to sanctions . . . for failure to attend his own deposition." *In re Ragucci*, 733 B.R. 889, 896 (M.D. Fla. 2010) (citing Fed.R.Civ.P. 37(d)(1)).

This court gave Davis ample opportunity to explain his failure to attend his own deposition.  During oral argument, Davis alleged that he appeared at the federal courthouse and waited outside the undersigned's courtroom on August 27, 2015, instead of going to Clanton.  He conceded that he did not call counsel about the location of the

deposition. He also argued that he is unfamiliar with the legal process. Davis' pro se status and legal inexperience do not change the fact that he failed to heed numerous warnings and misrepresented to the court that he would attend the deposition on August 27, 2015.

The court, in its discretion, finds that sanctions, including dismissal of the action in its entirety and payment of attorney's fees for both the time and expense of preparing for the deposition, traveling to and from Clanton, and awaiting Davis' presence, are warranted in this case.[1] Davis fails to demonstrate that his failure to attend the deposition was substantially justified or that there are any other circumstances which would make an award of sanctions unjust. See Fed.R.Civ.P. 37(b)(2)(A)(v) & 37(d)(3). This court therefore concludes that the Motion for Sanctions should be granted.

## B. Res Judicata

Smitherman argues that the claims against him are barred by the doctrine of res judicata because these claims are identical to those raised in a case which was previously dismissed by the Circuit Court of Chilton County, Alabama.

> [T]he doctrine of res judicata "bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). For res judicata to bar a subsequent case, four elements must be present: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Id.*

---

[1] Counsel represents his rate is $141.00 per hour. He spent 1.5 hours preparing for the deposition; 2.0 hours traveling to Clanton; and 1.5 hours meeting with his client and waiting for Davis to arrive. The court finds a reasonable time to wait for Davis was no more than one hour; thus, the court will reduce the time for waiting for Davis to arrive for the deposition by 0.5. The mileage expense incurred is $59.36 and the cost of court reporting services is $94.15. Consequently, Davis is responsible for a total payment of $788.01.

4

*Maldonado v. U.S. Attorney General*, 664 F.3d 1369, 1375(11th Cir. 2011).

In *Manning v. City of Auburn*, the Court summarized the law regarding when a cause of action is the same for purposes of res judicata as follows:

> In this circuit, the determination of whether the causes of action in two proceedings are the same is governed by whether the primary right and duty are the same. *Hunt,* 891 F.2d at 1561 (quoting *Kemp v. Birmingham News Co.,* 608 F.2d 1049, 1052 (5th Cir. 1979)); *I.A. Durbin, Inc. v. Jefferson Nat'l Bank,* 793 F.2d 1541, 1549 (11th Cir. 1986). The test is one of substance, not form. *I.A. Durbin,* 793 F.2d at 1549. Res judicata applies "not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same 'operative nucleus of fact.'" *Hunt,* 891 F.2d at 1561 (despite variations in legal theories used and remedies sought, second suit barred because wrongful act in both cases was flying Confederate flag atop state capitol) (quoting *Olmstead v. Amoco Oil Co.,* 725 F.2d 627, 632 (11th Cir. 1984)); *Jaffree v. Wallace,* 837 F.2d 1461, 1468 (11th Cir. 1988) (second suit barred because "[b]oth cases raised first amendment (free exercise and establishment clause) challenges to use of textbooks and teachings on various subjects"); *Nilsen v. City of Moss Point,* 701 F.2d 556, 560 (5th Cir. 1983) (section 1983 action against city that refused to hire plaintiff as firefighter due to her sex precluded by earlier Title VII action on same facts).

953 F.2d 1355, 1358-59 (11th Cir. 1992).

In the Complaint and Amendments thereto, Plaintiff alleges that Officer Smitherman unlawfully arrested him without a warrant based on harassment charges filed against him by William Roebuck and without reading his *Miranda* rights on September 18, 2014 in front of 405 Second Street South in Clanton, Alabama, in violation of his constitutional rights. In his Complaint, he specifically asserts that the City of Clanton Police Department, Katrina Caver, and Smitherman violated several of his constitutional rights, including the Fourth Amendment right against unreasonable search and seizure, the Fifth Amendment right against self-incrimination, the Due Process Clause, and the

Confrontation Clause. Doc. 1, p. 3. Before filing the Complaint in this case, however, Davis filed a Complaint against the City of Clanton Police Department, Eric Daniel Smitherman, and Katrina Caver in the Chilton County Circuit Court. Def's Ex. 1, Case No. 2014-CV-000048. In the state court action, Davis alleges the following:

> Police Dept Refused to file charges for plaintiffs [and] injured party. Officers Smitherman told the plaintiffs [and] party to go home or go to jail. After the clerk refused to file charges in the case for the second time. Human rights [and] Constitutional rights has been violated. Due process was denied. These where the right's was violated. Human rights, Constitutional rights, Common Law (2 pages of my right's). . . .

*Id.*, p. 1. Davis also asserts the defendants violated several Amendments to the United States Constitution, including the Fourth Amendment right to be free from unreasonable search and seizure, the Fifth Amendment right against self-incrimination, the Due Process Clause, and the Sixth Amendment Right to Counsel. *Id.*, p. 5. Thus, the issues in the prior litigation are the same as or similar to the issues in this lawsuit. "Res judicata acts as a bar 'not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.'" *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1356 (11th Cir. 1998). "*Res judicata* bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Driessen v. Fla.*, 2010 WL 4204634, 1 (11th Cir. 2010) (citing *Ragsdale v. Rubbermaid, Inc.,* 193 F.3d 1235, 1238 (11th Cir. 1999)).

The next question is whether final judgment on the merits was entered in the state court action. Chilton County Circuit Court Judge Ben A. Fuller dismissed Smitherman's claims against Davis on a Rule 12(b)(6) motion for failure to state a claim. The order did

not specify whether the dismissal was with or without prejudice.  However, nothing in the dismissal order suggested that he intended the dismissal to constitute anything other than an adjudication on the merits.  In general, "dismissal of a complaint for failure to state a claim operates acts as an adjudication on the merits for res judicata purposes, even where the dismissal order does not specify whether such dismissal was with prejudice or without prejudice." *Polk v. Sears Roebuck*, Civil Action No. 11-0725-WS-B, 2012 WL 1640708, at *4 (S.D. Ala., May 8, 2012), (citing *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990) ("unless the court specifies otherwise, dismissal on the grounds that the facts and law show no right to relief operates as an adjudication on the merits"); *Bierman v. Tampa Elec. Co.,* 604 F .2d 929, 930–31 (5th Cir.1979) (where district court dismissed action *sua sponte* for failure to prosecute, and did not specify whether dismissal was with or without prejudice, dismissal acted as adjudication on merits, such that res judicata barred subsequent action presenting same claim); *Hall v. Tower Land and Investment Co.,* 512 F.2d 481, 483 (5th Cir.1975) (where district judge dismissed first action for failure to state a claim on which relief can be granted, but did not indicate whether dismissal order was "with prejudice" or "without prejudice," that order "operates as an adjudication on the merits" for res judicata purposes); *Douris v. County of Bucks,* 2001 WL 695019, *3–4 (E.D. Pa. June 18, 2001) (dismissal order that did not specify whether it was with or without prejudice operated as an adjudication on the merits where dismissal was for failure to state a claim under Rule 12(b)(6)); 9 Charles Alan Wright *et al., Federal Practice & Procedure* § 2373 (3d ed.) ("Dismissals under Rule 12(b)(6) for

7

failure to state a claim on which relief can be granted ordinarily are deemed to be an adjudication on the merits.").

The court therefore concludes that the claims against Smitherman in the present action are barred by the doctrine of res judicata. Consequently, the Motion for Judgment on the Pleadings pursuant to Fed.R.Civ.P. 12(c) should be granted.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge as follows:

(1)     To the extent Smitherman requests sanctions, including dismissal of the action in its entirety and payment of defense counsel's fees for both the time and expense of preparing for the deposition, traveling to and from Clanton, and awaiting Davis' presence, the Motion for Sanctions be GRANTED. Doc. 58.

(2)     Davis shall reimburse Smitherman $788.01, which includes reasonable attorney fees and costs associated with his failure to attend the deposition.

(3)     The Motion for Judgment on the Pleadings pursuant to Fed.R.Civ.P. 12(c) be GRANTED.

(4)     This case be DISMISSED pursuant to Fed.R.Civ.P. 12(c) and 37.

Finally, it is

ORDERED that the defendant shall file any objections to the said Recommendation on or before October 23, 2015. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party

objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 8th day of October, 2015.

                                                    /s/Terry F. Moorer
                                         TERRY F. MOORER
                                         UNITED STATES MAGISTRATE JUDGE