IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SADAKA T. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:14-CV-986-WKW |
| | ) | [WO] |
| DANIEL ERIC SMITHERMAN, | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

On October 8, 2015, the Magistrate Judge filed a Recommendation (Doc. # 66) to which Plaintiff filed an objection (Doc. # 67). For the reasons that follow, the Recommendation is due to be adopted in part and rejected in part.

In the Recommendation, the Magistrate Judge recommends dismissal of this action on two grounds: (1) as a sanction under Federal Rule of Civil Procedure 37(b)(2)(A)(v) for Plaintiff's failure to attend a properly noticed deposition; and (2) based upon the doctrine of *res judicata*. The Recommendation also endorses an award of monetary sanctions against Plaintiff under Rule 37(d)(3).

Plaintiff objects to the Recommendation's imposition of Rule 37 sanctions against him. The court has conducted a *de novo* review of this portion of the Recommendation. *See* 28 U.S.C. § 636(b). In his objection, Plaintiff sets forth an additional excuse as to why he did not appear for his properly noticed deposition.

(Doc. # 67, at 1.)  This excuse, which was not presented to the Magistrate Judge, comes too late to alter the Recommendation's analysis.  *Cf. Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[W]e . . . hold that a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.").  Moreover, Plaintiff's newly proffered excuse, when considered in conjunction with the totality of the circumstances, is inadequate to demonstrate either substantial justification for Plaintiff's failure to attend the deposition or that any lesser sanctions than those recommended would be effective.  Accordingly, Plaintiff's objection will be overruled and the Recommendation adopted as to the Recommendation's findings with respect to Defendant's motion for Rule 37 sanctions.

Because Plaintiff does not object to the Recommendation's determination that Plaintiff's action is due to be dismissed under the doctrine of *res judicata*, review of this portion of the Recommendation is for clear error.[1]  The Recommendation is problematic for at least three reasons.  First, Defendant has

---

[1] Neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 sets forth a standard of review for those portions of a magistrate judge's recommendation to which no objection is made. The Advisory Committee Notes provide, however, that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72 (advisory committee's note to 1983 amendment); *see also Lender v. Unum Life Ins. Co. of Am.*, 519 F. Supp. 2d 1217, 1222 (M.D. Fla. 2007) ("When no objections are made to the Magistrate Judge's R & R, the case law seems to indicate that the district court should review the findings using the same clearly erroneous standard of review that an appellate court must use when reviewing the district court's findings.").

raised the affirmative defense of *res judicata* in a motion for judgment on the pleadings, but he has not yet filed an answer to the amended complaint. The motion for judgment on the pleadings is premature because the pleadings are not closed.[2]  *See* Fed. R. Civ. P. 12(c) ("After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."). Second, and relatedly, the general rule is that *res judicata* must be raised in an answer under Rule 8(c), which Defendant has failed to do, and not in a Rule 12 motion. *See* Fed. R. Civ. P. 8(c), 12.  An exception lies for a defendant to raise *res judicata* "by motion rather than by answer where the defense's existence can be judged on the face of the complaint," *Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir. 1982), but *Concordia*'s discussion of that exception does not mention the assertion of *res judicata* in a prematurely filed motion for judgment on the pleadings.  Significantly, the Recommendation contains no discussion about the procedural flaw in Defendant's filing a motion for judgment on the pleadings without having first filed an answer or about whether there are grounds that would excuse that flaw.

---

[2] Earlier in this litigation, in November 2014, Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6). As Defendant noted in his November 2014 motion, the state-court action was pending at that time (*see* Doc. # 12, at 1 n.2), and, thus, there was not a final judgment on the merits as required for *res judicata*'s application.  Ultimately, the court denied the motion to dismiss (Doc. # 36), but Defendant never filed an answer.

Third, urging this court to take judicial notice of the state-court proceedings, Defendant has submitted copies of parts of the state-court record, but not certified copies. The Eleventh Circuit has indicated a preference for the latter. *See Concordia*, 693 F.2d at 1076 ("[T]he record of the state court proceedings was not introduced. No certified or exemplified copies of the pleading record or judgmental material were ever presented."); *see also Cope v. Bankamerica Hous. Serv., Inc.*, No. 99-D-653-N, 2000 WL 1639590, at *7 (M.D. Ala. Oct. 10, 2000) ("Under *Concordia*, the final judgment element necessary to sustain a *res judicata* defense in the context of a Rule 12(b)(6) motion to dismiss requires that the record before the court contain a complete, and preferably certified or exemplified, copy of the record from the earlier lawsuit."); *see generally* 28 U.S.C. § 1738 "The records and judicial proceedings of any court of any such State . . . or copies thereof, shall be proved or admitted in other courts within the United States . . . by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form."). The Recommendation does not address the failure of Defendant to submit certified copies of the state-court complaint, the motion to dismiss, and the stat-court's order of dismissal.

Adopting the Recommendation's findings that the elements of *res judicata* are satisfied would require this court to overlook the foregoing deficiencies upon

4

which the Recommendation is silent. The court is not persuaded that, on this record, the Recommendation can be adopted under the clearly erroneous standard of review. At the very least, the court finds that the better course is to reject the Recommendation that the motion for judgment on the pleadings be granted.

Accordingly, it is ORDERED as follows:

(1) Plaintiff's objection (Doc. # 67) is OVERRULED;

(2) The Recommendation (Doc. # 66) is ADOPTED in part and REJECTED in part;

(3) Defendant's motion for sanctions (Doc. # 58), which includes requests for dismissal of this action in its entirety and for an award of monetary sanctions under Federal Rule of Civil Procedure 37, is GRANTED;

(4) Plaintiff shall reimburse Defendant $788.01, which includes reasonable attorney's fees and costs associated with Plaintiff's failure to attend the properly noticed deposition; and

(5) Defendant's motion for judgment on the pleadings (Doc. # 61) pursuant to Federal Rule of Civil Procedure 12(c) is DENIED.

A separate final judgment will be entered.

DONE this 28th day of October, 2015.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE