IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SADAKA DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:14-CV-986-WKW |
| | ) | (WO) |
| DANIEL ERIC SMITHERMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the court is Plaintiff Sadaka Davis's motion for leave to appeal *in forma pauperis* ("IFP"). (Doc. # 71.) The motion is due to be denied.

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). In determining whether an appeal is taken in good faith, the court uses an objective standard to determine whether the appeal is frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962) ("[A] [petitioner's] good faith in this type of case [is] demonstrated when he seeks appellate review of any issue not frivolous."). An appeal is "frivolous" when "it has no substantive merit." *United States v. Bottoson*, 644 F.2d 1174, 1176 (5th Cir. Unit B May 1981).[1]

This case was dismissed as a sanction for Davis's failure to attend a noticed deposition that he had agreed to attend after numerous attempts by Defendant to schedule

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

a deposition. (Doc. # 68); Fed. R. Civ. P. 37(d)(3). In his notice of appeal, Davis challenges the dismissal on grounds that he submitted evidence that he contends demonstrates the merits of his case, and on grounds that he has a constitutional right to "receive a deposition." The case was not dismissed on the merits. Davis does not have a constitutional right to be deposed by the opposing party, particularly at the opposing party's expense, after he failed to attend his deposition, and after the opposing party attempted numerous times to depose him. (Doc. # 68); *see* Fed. R. Civ. P. 30(a)(1) ("A party *may*, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." (emphasis added)); Fed. R. Civ. P. 30(b)(1) ("A party who *wants* to depose a person by oral questions must give reasonable written notice to every other party." (emphasis added)).

Accordingly, and for the reasons stated in the Recommendation of the Magistrate Judge (Doc. # 66) and in the October 28, 2015 Order adopting the Recommendation in part (Doc. # 68), Petitioner's appeal is without a legal or factual basis, has no substantive merit, and is frivolous for purposes of the IFP motion.

Therefore, it is ORDERED that Petitioner's motion for leave to appeal *in forma pauperis* (Doc. # 71) is DENIED.

DONE this 9th day of November, 2015.

                         /s/ W. Keith Watkins
                         CHIEF UNITED STATES DISTRICT JUDGE